FILED _____ ENTERED
_____ LODGED _____ RECEIVED

FEB 15 2018

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

UNITED STATES OF AMERICA,

       Plaintiff

       v.

RAPHAEL A. SANCHEZ

       Defendant.

NO. 18-CR-0040 RSL

**PLEA AGREEMENT**

       The United States of America, by and through Luke Cass and Jessica C. Harvey, Trial Attorneys for the Public Integrity Section, Criminal Division, United States Department of Justice, and RAPHAEL SANCHEZ (hereinafter "the defendant") enter into the following Plea Agreement:

- 1

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

**Charges and Statutory Penalties**

1.    The defendant agrees to waive indictment and to plead guilty to a two-count Information charging him with one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A.

2.    The defendant understands that Count One has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

    a.    First, that the defendant knowingly devised a scheme or artifice to defraud;

    b.    Second, that the defendant did so with the intent to defraud;

    c.    Third, that the scheme or artifice to defraud involved a materially false or fraudulent pretense, representation, or promise; and

    d.    Fourth, that the defendant transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or attempting to do so.

3.    The defendant understands Count Two has the following essential elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

    a.    First, that the defendant committed an enumerated felony offense as defined in 18 U.S.C. § 1028A(c)(5), specifically wire fraud as alleged in Count One of the Information;

    b.    Second, that during and in relation to that offense, the defendant knowingly transferred, possessed, or used a means of identification of a real person;

    c.    Third, that the defendant did so without lawful authority;

- 2

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

d.   Fourth, that the means of identification belonged to another person; and

e.   Fifth, that the defendant knew that the means of identification belonged to another person.

4.   The defendant understands that pursuant to 18 U.S.C. § 1343, Count One carries a maximum sentence of thirty years of imprisonment, a fine of up to $1,000,000, and a term of supervised release of not more than five years. Defendant must also pay a Special Monetary Assessment of $100.00 at or before the time of sentencing.

5.   The defendant understands that pursuant to 18 U.S.C. § 1028A, Count Two carries a statutory mandatory minimum sentence of two years of imprisonment that must be imposed consecutive to any other sentence imposed by the Court, a fine of up to $250,000, and a term of supervised release of not more than one year. Defendant must also pay a Special Monetary Assessment of $100.00 at or before the time of sentencing.

6.   The defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. The defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, the defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in the defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

7.   The defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order the defendant to pay restitution to any victim of the offense, as required by law.

8.   As part of this Plea Agreement, the Public Integrity Section agrees not to prosecute the defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, the defendant recognizes the

- 3

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

1    Public Integrity Section has agreed not to prosecute all of the criminal charges the evidence
2    establishes were committed by the defendant solely because of the promises made by the
3    defendant in this Agreement.   The defendant agrees, however, that for purposes of
4    preparing the Presentence Report, the Public Integrity Section will provide the United
5    States Probation Office with evidence of all conduct committed by the defendant.   This
6    agreement is not intended to provide any limitation of liability arising out of any crimes of
7    violence that may have been committed by the defendant.

8    **Factual Stipulations**

9    9.   The defendant agrees that the attached "Factual Basis for Plea" fairly and
10   accurately describes the defendant's actions and involvement in the offenses to which the
11   defendant is pleading guilty.   The defendant knowingly, voluntarily, and truthfully admits
12   the facts set forth in the Factual Basis for Plea, and that the United States would prove each
13   of the facts beyond a reasonable doubt if this case proceeded to trial.

14   **Sentencing**

15   10.   The defendant acknowledges that no one has promised or guaranteed what
16   sentence the Court will impose.   The defendant is aware that the sentence will be imposed
17   by the Court after considering the United States Sentencing Guidelines and related Policy
18   Statements (hereinafter "U.S.S.G." or "Sentencing Guidelines").     The defendant
19   acknowledges and understands that the Court will compute an advisory sentence under the
20   Sentencing Guidelines and that the applicable guidelines will be determined by the Court
21   relying in part on the results of a Pre-Sentence Investigation conducted by the Court's
22   probation office, which will commence after the guilty plea has been entered.   The
23   defendant is also aware that, under certain circumstances, the Court may depart from the
24   advisory sentencing guideline range that it has computed, and may increase that advisory
25   guidelines range up to and including the statutory maximum sentence, or lower that
26   advisory guidelines range. The defendant is further aware and understands that the Court
27   is required to consider the advisory guideline range determined under the Sentencing

28   - 4

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

Guidelines but is not bound to impose that sentence, that the court is permitted to tailor the ultimate sentence in light of other statutory considerations, and that such ultimate sentence may either be more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in Paragraph One and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

11.     The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

12.     The defendant is aware that any estimate of the probable sentence or the probable sentencing range relating to the defendant pursuant to the advisory Sentencing Guidelines that the defendant may have received from any source is only a prediction and not a promise, and is not binding on the United States, the probation office, or the Court, except as expressly provided in this Plea Agreement.

**Sentencing Guidelines Stipulations**

13.     The defendant understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines as set forth in the Guidelines Manual for 2016. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

a.     **Offense Level under the Guidelines**

- 5

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

i.     Count One: Wire Fraud

The parties agree to a Total Adjusted Offense Level of 20 based for Count One based on the following stipulated calculation:

| | |
|---|---|
| Base Offense Level (§ 2B1.1(a)(1)) | 7 |
| Loss Amount of more than $150,000 (§ 2B1.1(b)(1)(F)) | + 10 |
| Sophisticated Means (§ 2B1.1(b)(2)(10)) | + 2 |
| Vulnerable Victim (§ 3A1.1(b)(1)) | + 2 |
| Abuse of Position of Trust (§ 3B1.3) | + 2 |
| Total Offense Level: | 23 |

ii.     Count    Two:    Aggravated    Identity    Theft Pursuant to U.S.S.G. § 2B1.6(a), for a defendant convicted of violating 18 U.S.C. § 1028A, the Guideline sentence is the term of imprisonment required by statute. Therefore, the Guideline sentence for Count Two of the Information is 24 months of imprisonment consecutive to Count One of the Information.

**b.    Acceptance of Responsibility**

Provided that the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the United States, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, the United States agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a). The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

i.    fails to admit a complete factual basis for the plea at the time the defendant is sentenced or at any other time;

ii.    challenges the adequacy or sufficiency of the United States' offer of proof at any time after the plea is entered;

- 6

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

iii.    denies involvement in the offense;

iv.    gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

v.    fails to give complete and accurate information about the defendant's financial status to the Probation Office;

vi.    obstructs or attempts to obstruct justice, prior to sentencing;

vii.    has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

viii.    fails to appear in court as required;

ix.    after signing this Plea Agreement, engages in additional criminal conduct; or

x.    attempts to withdraw the plea of guilty.

If the defendant has accepted responsibility as described above, and given that the defendant's offense level is sixteen (16) or greater, the United States agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b) of the Sentencing Guidelines, because the defendant has assisted authorities by providing timely notice of the defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the Defendant's applicable Guidelines Offense Level is 20.

**c.**    **Criminal History Category**

Based upon the information now available to the United States, including representations by the defense, the defendant has no criminal history. In accordance with the above, therefore, the defendant's Criminal History Category is I.

**d.**    **Applicable Guideline Range**

- 7

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

1    Based upon the calculations set forth above, the defendant's stipulated Sentencing

2 Guidelines range is thirty-three to forty-one months (the "Stipulated Guidelines Range").

3 In addition, there is a mandatory consecutive term of imprisonment for conviction under

4 18 U.S.C. § 1028A, adding twenty-four months to this range.

5         e.   **Agreed Recommendation Regarding Imprisonment**

6    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree

7 to recommend 24 months of imprisonment for Count One and 24 months of imprisonment

8 for Count Two to be served consecutively for a total term of forty-eight (48) months of

9 imprisonment.  The defendant understands that this recommendation is not binding on the

10 Court and that the Court may reject the recommendation of the parties and may impose any

11 term of imprisonment up to the statutory maximum penalty authorized by law.    The

12 defendant further understands that he cannot withdraw his guilty pleas simply because of

13 the sentence imposed by the district court.  Except as otherwise provided in this Plea

14 Agreement, the parties are free to present arguments regarding any other aspect of

15 sentencing.

16     **Court Not Bound by the Plea Agreement**

17    14.   The defendant understands that pursuant to Federal Rules of Criminal

18 Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations,

19 either as to questions of fact or as to the parties' determination of the applicable Guidelines

20 range, or other sentencing issues.  In the event that the Court considers any Guidelines

21 adjustments, departures, or calculations different from any stipulations contained in this

22 Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the

23 general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to

24 answer any related inquiries from the Court.

25     **Rights Under Rule 11(b), Fed. R. Crim. P.**

26    15.   The defendant understands that the Government has the right, in a

27 prosecution for perjury or false statement, to use against the defendant any statement that

28  - 8

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plea not guilty, or having already so pleaded, the right to persist in that plea; (B) to a speedy and public trial before a jury of his peers; (C) to the effective assistance of counsel at trial, including, if the defendant could not afford an attorney, the right to have the Court appoint one for him; (E) to be presumed innocent until guilt has been established beyond a reasonable doubt at trial; (F) to confront and cross-examine adverse witnesses; (G) to compel or subpoena witnesses to appear on his behalf at trial; and (H) to testify or remain silent at trial, at which trial such silence could not be used against the defendant. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charges, the right to appeal the conviction on such charges to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Waiver of Appellate Rights and Rights to Collateral Attack

16.     The defendant is aware that the defendant has the right to challenge the defendant's sentence and guilty plea on direct appeal. The defendant is also aware that the defendant may, in some circumstances, be able to argue that the defendant's guilty plea should be set aside, or sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255). Knowing that, and in exchange for the promises made by the government in entering this Plea Agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

---

[1]     Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

- 9

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of the defendant's sentence.

b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

    i. that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth above;

    ii. challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

    iii. challenging a decision by the sentencing judge to impose an "upward variance," pursuant to 18 U.S.C. § 3553(a), above the final Sentencing Guidelines range determined by the Court; and

    iv. that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

17. By signing this Plea Agreement, the defendant acknowledges that the defendant has discussed the appellate and collateral attack waivers set forth in Paragraph 16 of this Plea Agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

18. The defendant's waiver of rights in Paragraph 15 shall not apply to appeals or challenges based on new legal principles in the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court cases decided after the date of this Plea

- 10

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

1   Agreement that are held by the United States Court of Appeals for the Ninth Circuit or the

2   United States Supreme Court to have retroactive effect.

3                 **Restitution**

4         19.     In addition to the other penalties provided by law, the Court must also order

5   the defendant to make restitution pursuant to 18 U.S.C. § 3663A. The defendant

6   understands that restitution must be ordered by the Court to all victims of the defendant's

7   criminal conduct and not merely for those victims included in the counts to which the

8   defendant agrees to plead guilty. The parties agree that the defendant will make full and

9   complete restitution, with the final amount to be determined prior to sentencing and

10   specified in the Presentence Report. The defendant also agrees to repay any and all

11   amounts owed to the United States of America or the Internal Revenue Service as a result

12   of defendant's false filings on his tax returns. The defendant understands that restitution

13   may be ordered by the Court to all victims of the defendant's criminal conduct and not

14   merely for those victims included in the counts to which the defendant agrees to plead

15   guilty. The defendant further acknowledges that he may be required to pay for credit-

16   monitoring services for the aforementioned Victim Aliens to ensure that their credit is

17   properly repaired.

18               **Breach of Agreement**

19         20.     The defendant understands and agrees that if, after entering this Plea

20   Agreement, the defendant fails specifically to perform or to fulfill completely each and

21   every one of the defendant's obligations under this Plea Agreement, or engages in any

22   criminal activity prior to sentencing, the defendant will have breached this Plea Agreement.

23   In the event of such a breach:

24         a.   the United States will be free from its obligations under the Plea Agreement;

25         b.   the defendant will not have the right to withdraw the guilty plea;

26         c.   the defendant shall be fully subject to criminal prosecution for any other crimes,

27             including perjury and obstruction of justice; and

28   - 11

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

d. the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements made by the defendant and any of the information or materials provided by the defendant, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including the defendant's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

21.     The defendant understands that Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights arising under these rules.

22.     The defendant understands and agrees that the United States shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. The defendant further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

23.     Nothing in this Plea Agreement shall be construed to permit the defendant to commit perjury, to make false statements or declarations, to obstruct justice, or to protect the defendant from prosecution for any crimes not included within this Plea Agreement or committed by the defendant after the execution of this Plea Agreement. The defendant understands and agrees that the United States reserves the right to prosecute the defendant for any such offenses. The defendant further understands that any perjury, false statements or declarations, or obstruction of justice relating to the defendant's obligations under this Plea Agreement shall constitute a breach of this Agreement. In the event of such a breach, however, the defendant will not be permitted to withdraw this guilty plea.

- 12

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

**Waiver of Statute of Limitations**

24.    It is further agreed that should any conviction following the defendant's plea of guilty pursuant to this Plea Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the United States has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution.    It is the defendant's intent in entering this Plea Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Plea Agreement is signed.

**Voluntariness of Plea**

25.    The defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce the defendant to enter his pleas of guilty.

**Complete Agreement**

26.    No agreements, promises, understandings, or representations have been made by the parties or their counsel—either orally, in writing, or by any other means—other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by the defendant, defense counsel, and a prosecutor for the Public Integrity Section.

27.    The defendant further understands that this Plea Agreement is binding only upon the Public Integrity Section, Criminal Division, United States Department of Justice. This Plea Agreement does not bind any other office or component of the United States Department of Justice, including the United States Attorneys' Offices, nor does it bind any state or local authorities.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against the defendant.

- 13

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

28.    By signing the Plea Agreement in the space indicated below and returning the original once it has also been signed by counsel for the defendant, the defendant acknowledges that the terms and conditions of this Plea Agreement are satisfactory.


ANNALOU TIROL
Acting Chief
Public Integrity Section

By: _____
Luke Cass
Jessica C. Harvey
Trial Attorneys
Public Integrity Section
1400 New York Ave. NW
Washington, DC  20005
(202) 514-1412

- 14

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

# DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Plea Agreement is in my best interest.

Date: 2·15·18

**Raphael A. Sanchez**
Defendant

- 15

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully.  These pages accurately and completely set forth the entire Plea Agreement.

Date: 2·15·18

**Cassandra R. Stamm**
For the Defendant

- 16

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION
PUBLIC INTEGRITY SECTION
1400 NEW YORK AVENUE, NW
WASHINGTON, D.C. 20005
(202) 514-1412